UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOE KEITH SMITH                                                    CIVIL ACTION

VERSUS                                                            NO. 04-3126

OFFSHORE SPECIALTY                                               SECTION "D" (2)
FABRICATORS, INC.

**ORDER AND REASONS;**
**REPORT AND RECOMMENDATION**

The presiding district judge referred to me, Record Doc. No. 71, for hearing

plaintiff's Motion to Compel Settlement and for Attorney's Fees/Costs.  Record Doc.

No. 72.  Oral argument was scheduled for today by order entered on April 28, 2006.

Record Doc. No. 73.  All counsel, including particularly counsel for the intervenors, were

ordered to appear in person.  Id.

Appearing in person at the hearing were Larry Best and Peter Koeppel,

representing plaintiff, and Darryl Daigle, representing defendant.  No one appeared to

MJSTAR:   **: 45**

represent the intervenors, Gregory Discon and Ungar & Byrne, APLC. Later in the afternoon, however, Greg Discon, counsel for the intervenors, appeared in my office for a conference in another case.  A telephone conference was then conducted in which Mr. Discon and Peter Koeppel, counsel for plaintiff, participated.

Considering the submissions of the parties and the representations of counsel at the hearing and during the subsequent telephone conference, it is clear that plaintiff and defendant reached a settlement agreement as to the main claim between them.  It is equally clear, however, that no settlement was reached as to the claim of the intervenors. All that remains for the court to determine is a dispute between lawyers over a fee. Accordingly, **IT IS RECOMMENDED** that plaintiff's Motion to Compel Settlement and for Attorneys Fees and Costs be DENIED and that the district judge reopen this case for further proceedings as recommended below.

During the telephone conference, counsel for plaintiff and the intervenors agreed that (a) the main claim between plaintiff and defendant had in fact been settled for a sum certain, (b) costs incurred both by plaintiff's counsel and intervenors' counsel while the intervenors were representing plaintiff in these proceedings were to be paid from the settlement amount, and (c) both plaintiff's counsel and the intervenors had 40% contingent fee contractual arrangements with plaintiff.  Thus, it appears that the only issue remaining for determination will be what share of the 40% contingent fee, if any,

should be paid to intervenors and plaintiff's counsel.  Counsel agreed that they would file a joint motion and order to distribute the settlement funds and execute a receipt and release, limited to the extent of the actual agreement, and to retain, either in plaintiff's counsel's trust account or in the registry of the court, the stipulated 40% attorney's fee for later distribution pursuant to court order or any settlement agreement they may later make.  Accordingly,

**IT IS ORDERED** that, no later than **May 17, 2006**, counsel must file an appropriate motion and proposed order reflecting the actual scope of the agreement in this case.  Thereafter, **IT IS RECOMMENDED** that the presiding district judge refer the remaining issue of the appropriate sharing, if any, of the stipulated attorney's fee to me for findings and recommendations, following a settlement conference concerning this issue, which I will conduct.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United

Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____11th_____ day of May, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE